JAMES GRINDLEY, JR., administrator, *vs.* WILLIAM T. McKECHNIE & another.

Suffolk.     January 11, 1895. — May 24, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Child — Trespass.*

The owner of premises, and the contractor who is erecting for the owner a building thereon, are not liable to a boy five years of age, who, without any invitation or inducement, trespasses upon the premises, falls into a trench, and dies from the effect of the injuries received thereby.

TORT. The declaration alleged that, on or about March 6, 1894, the defendant McKechnie was the owner of a certain lot of land situated on Dorchester Avenue, in Boston, near the junction of Boston Street with said Dorchester Avenue; that on or about said date the defendant Jobling was constructing for McKechnie a building on the lot, which building fronted on Dorchester Avenue, and was very close to the sidewalk of Dorchester Avenue; that in the course of construction, and prior to said date, the defendants caused a hole or trench in the earth at the rear of the building to be dug, several feet long and wide and several feet deep, which became filled with water, upon the surface of which floated pieces of board, shavings, and other material concealing the apparent danger; that the defendants knowingly, negligently, and unlawfully allowed said hole or trench to remain in this dangerous condition for several days; that said hole or trench was only about twenty-five feet from Dorchester Avenue, a much frequented street in said Boston, and access to it from the street was not obstructed by any sufficient fence or other obstacle, neither was any warning of its danger given in any way; and that on or about said date the plaintiff's intestate, a child of about five years old, while in the exercise of due care and lawfully on the premises, owing to the negligent conduct of the defendants, fell into the hole or trench, suffered great pain of body and mind, was unable to get out, and finally died, on said March 6, 1894, from the effects of falling into the hole or trench.

The defendants demurred to the declaration, on the grounds that it did not state a legal cause of action; that it alleged no duty on the part of the defendants towards the plaintiff, nor any breach thereof; and that it showed that the injuries were sustained without the fault or default of the defendants.

The Superior Court sustained the demurrer, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*L. C. Southard,* (*J. H. Quincy* with him,) for the plaintiff.

*A. C. Clark,* for the defendant McKechnie, was not called upon.

FIELD, C. J.   The judgment of the Superior Court was in accordance with our decisions.   *McEachern* v. *Boston & Maine Railroad,* 150 Mass. 515.   *Daniels* v. *New York & New England Railroad,* 154 Mass. 349.   *Sullivan* v. *Boston & Albany Railroad,* 156 Mass. 378.   *Gay* v. *Essex Electric Street Railway,* 159 Mass. 238.                                    *Judgment affirmed.*