GEORGE OSBORN *et ux., as Next of Kin, etc., Appellees,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

No. 17,425.

HEADNOTE BY THE REPORTER.

PERSONAL INJURIES — *Negligence* — *"Attractive Nuisance"* — *Damages.* The evidence examined, and it is held that a certain abandoned roundhouse, on which boys were accustomed to play with the knowledge of the agents of the company, was an "attractive nuisance," and the defendant company was

liable for damages for the death of a boy lured there for play, and which resulted from the defective and dangerous condition of the place.

Appeal from Leavenworth district court. Opinion filed February 10, 1912. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred. A. Scott,* for the appellant.

*Arthur M. Jackson,* for the appellees.

*Per Curiam:* The appellees recovered a judgment against appellant for the death of their eight-year-old son, who was killed while playing on the roof of an abandoned roundhouse in the freight yards, on the theory that it was an attractive nuisance. The building was about fifteen feet high, semicircular in form, with a flat gravel roof, and there was a wall or coping rising about three feet above the roof. The roof was rotten and broken in places, and three or four dilapidated smokestacks extended above the roof, having guy wires for support, which were rusted and rotten. Old doors extended nearly to the top of the roundhouse, on which were cleats, and there was also a sloping shed on one side, both of which afforded boys the means of climbing to the roof. The building was in the railroad yards, about two hundred feet from the street, four hundred feet from the freight depot, and three hundred feet from residences, in one of which appellees and their children lived. The boy, his older brother and another boy climbed up the cleats of the doors and were playing on the roof the day the boy was killed. There is testimony tending to show that he was in the act of climbing the smokestack when it fell on and killed him. Boys had been playing there for many years, but especially during the last ten years, since its use as a roundhouse had been abandoned. They played marbles on the roof, catching pigeons, and that it was

a fort; and there is testimony that they played there almost every day, in the view of the agents and employees of appellant. No guards or fences were placed on or around the building to prevent children from climbing upon the building. The structure was alluring and attractive to children too young to know the danger, and it was dangerous for them. That they resorted there for play was known to the agents of appellant. The case falls clearly within the attractive nuisance doctrine, which has been adopted and applied in this state in a number of cases. (*Price v. Water Co.,* 58 Kan. 551, 50 Pac. 450; *Electric-light Co. v. Healy,* 65 Kan. 798, 70 Pac. 884; *Kansas City v. Siese,* 71 Kan. 283, 80 Pac. 626; *K. C. Rly. Co. v. Fitzsimmons,* 22 Kan. 686; *Kinchlow v. Eelvator Co.,* 57 Kan. 374, 46 Pac. 703; *Biggs v. Wire Co.,* 60 Kan. 217, 56 Pac. 4; *Railroad Co. v. Matson,* 68 Kan. 815, 75 Pac. 503.)

Following the rule of these cases, the judgment in this one is affirmed.