Marshall, C. J.
Is the petition obnoxious to a demurrer ?
There is no claim in the petition of wilful wrongdoing, but if a good cause of action is stated at all it is on the ground of ordinary negligence. There is no liability for negligence unless there was a duty to use due care. It will, therefore, be our first inquiry to determine what duty, if any, the defendant owed to the plaintiff in this case. We will first ascertain what effect should be given to the allegations of the petition relative to the provisions of the city ordinance.
The effect of the violation of an ordinance has been recently settled, so far as this court is concerned, in the case of Schell v. DuBois, 94 Ohio St., 93, the second paragraph of the syllabus reading as follows: “The violation of a municipal ordinance passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence per se, and where such act of negligence by a defendant is the direct *180 and proximate cause of an injury, not directly contributed to by the want of due care on the part of the injured person, the defendant is liable.”
If, therefore, the defendant violated the municipal ordinance, and if such violation was the direct and proximate cause of the injury, the petition must be held to state a cause of action.
We will first determine whether the defendant has violated the ordinance. This question must necessarily depend upon a construction of the ordinance, and its construction depends upon the purpose and intent of the city council in adopting it. It is apparent that its provisions are intended to cover excavations adjacent to a street or alley, because it is permissible to use “not exceeding two feet in width of the adjacent street or alley.”
It will further be observed that the ordinance calls for a “substantial fence or railing.” Since these words are employed in the disjunctive, it is presumed that either a fence or railing would be a compliance with the ordinance, provided the same is of a substantial nature.
It is apparent that the purpose of the ordinance was to safeguard such excavation by preventing pedestrians or persons lawfully passing along a public street or alley from falling into such excavation. There is nothing about the ordinance to indicate that its purpose was to absolutely exclude from the premises all persons not having any business upon the premises. If such were the purpose, much more definite language would have been employed than the phrase “a substantial fence or railing.”
*181 It is apparent that no fence or railing would have served the purpose of preventing' this eight-year-old boy from entering the premises, unless it should be “pig tight, horse high and bull strong.” It was certainly not the intention of the city council in the use of the language of the ordinance to require a fence of such character as would absolutely prevent an active energetic boy of eight years from penetrating it.
The petition further alleges that the defendant’s land extends from the “Old Hecla Pike” up the river a distance of approximately one square, and lies immediately back of or towards the hill from the alley-way, and that the tract of land consists of one acre more or less; “that it was out in the commons,” etc.
Inasmuch as the excavation was out in the commons and back from the traveled way, we are of the opinion that the ordinance above quoted has not been violated.
Authority is found for the foregoing views concerning the ordinance, and no authority to the contrary has been pointed out.
In the case of Moran v. Pullman Palace Car Co., 134 Mo., 641, the syllabus reads in part as follows: “Ordinances requiring depressions and excavations within a city which are below the natural or artificial grades of the surrounding or adjacent streets to be filled or fenced, and prescribing penalties for failure to comply with their requirements, apply only to places that are in such close proximity to the highway as to endanger the safety of travelers thereon.”
*182 After all, the Ironton city ordinance is only declaratory of the common law, and aside from the provisions of the ordinance we conceive it to be the duty of property owners having an excavation adjacent to a street to adopt reasonable precautions to prevent lawful travelers from falling in, and this principle has in effect been declared by this court in the case of P., Ft. W. & C. Ry. Co. v. Bingham, Admx., 29 Ohio St., 364, 368. The only purpose served by the ordinance is that the city grants the property owner the right to construct the enclosing fence not exceeding two feet beyond the boundary line of his premises and further provides that a violation of duty shall be a misdemeanor and punishable as such. The foregoing views effectually dispose of the allegations concerning the city ordinance, but even if a different view should be entertained the ordinance would not aid the plaintiff, because it does not appear that the failure to erect a fence or railing was the direct and proximate cause of the injury, or that such failure had any relation thereto whatever. The only way in which injury and danger could result from the failure to construct the railing or fence would be for plaintiff’s decedent to have fallen into the pit. Manifestly a fence or railing would be no protection to a person who might approach the fence or railing from the other side. Even if the pit were “adjacent to the street” no fence or railing could legally be required which would cut off access to the pit by the persons who are. operating the same. We hold, therefore, that all allegations in the petition relative to the city ordinance may be disregarded as not *183 stating actionable negligence, either standing alone or in connection with other allegations of the petition.
Let us next consider whether the other well-pleaded allegations of the petition state a cause of action. The underlying principle of negligence liability is concisely and well stated in the case of Schell v. DuBois, Admr., supra, at page 107, which we quote: “Negligence is the failure to comply with some duty imposed by law. But in order that an act of negligence may be the predicate of an action, it is necessary that the duty should have been imposed for the benefit of the person injured and that the violation of the duty be the proximate cause of the injury.”
The principle is also well stated in the case of P., Ft. W. & C. Ry. Co. v. Bingham, Admx., supra, at page 369: “Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty, created either by contract or by operation of law, which he has failed to discharge.”
If plaintiff’s decedent was a trespasser, defendant owed him no duty except to refrain from wilful wrongdoing. The language of the petition that the sand pit was an attractive place for children might indicate that the claims of the petition were based in part on the doctrine of liability for damages to children caused by attractive nuisances, otherwise referred to as the turntable cases. In the briefs of plaintiff’s counsel, however, it is admitted that that doctrine has no application in Ohio. It was definitely repudiated in the case of Wheeling & L. *184 E. Rd. Co. v. Harvey, 77 Ohio St., 235, and in the opinion the court reached a different conclusion from that reached in Sioux City & Pac. Rd. Co. v. Stout, 17 Wall. (84 U. S.), 657, after a full discussion of the doctrine of the turntable cases and a review of the authorities pro and con, and no reason is seen by this court at this time for any different conclusion than that arrived at in that case. The Harvey case was approved in the cases of Cleveland & S. W. Traction Co. v. Smith, Admx., 82 Ohio St., 462; B. & O. Rd. Co. v. Campbell, 77 Ohio St., 628, and Northern Ohio Ry. Co. v. Cauffield, Admr., 80 Ohio St., 739, all of which were reported without opinion, and distinguished in the reported case of Ziehm v. Vale, 98 Ohio St., 306. In the case of L. S. & M. S. Ry. Co. v. Liidtke, 69 Ohio St., 384, a boy of six years had trespassed upon railway tracks, through an opening in a line fence, and the fence was such as was required to be constructed by statute for the purpose of turning stock. It was held that the fence opening was not the proximate cause of the injury. A verdict was rendered against the railroad company and the judgment was approved by the circuit court upon the authority of Sioux City & Pac. Rd. Co. v. Stout, supra. This court, however, reversed the judgment, thereby in effect repudiating that case, as was later expressly done in the Harvey case. The principle of non-liability for trespassing children was again determined by this court in the case of Swarts v. Akron Water Works Co., 77 Ohio St., 235, decided at the same time as the Harvey case and reported in the same opinion. We make special reference to *185 the Smarts case because of some similarity between the facts of that case and the facts of the instant case.
It is alleged in the petition that children had been accustomed to make a playground .of said premises and that defendant had “permitted, allowed and acquiesced” in such use. The most favorable construction of this allegation of the petition would create the boy a licensee and not an invited person. The duty of the defendant in this case must depend upon the meaning of the words “permitted, allowed and acquiesced” and whether that allegation constitutes plaintiff’s decedent an invited person or a licensee. If a person goes upon lands of another by permission and acquiescence for his own pleasure or convenience and not by invitation, he is classed as a licensee and exercises the license with the attendant risk and danger. Many authorities could be cited in support of this proposition, but we think the following are sufficient: Railway Co. v. Bingham, supra; Galligan v. Metacomet Mfg. Co., 143 Mass., 527; Ryan v. Towar, 128 Mich., 463; Moore v. Wabash, St. L. & Pac. Ry. Co., 84 Mo., 481; Clark, Admr., v. Manchester, 62 N. H., 577; Vanderbeck v. Hendry, 34 N. J. L., 467; 2 Cooley on Torts (3 ed.), 1267, and 7 Thompson on Negligence (1st Supp.), Section 1025.
The authorities are in perfect harmony as to the duty owing to a licensee, and it may be generally stated that a licensee takes his license subject to its attendant perils and risks, that the licensor owes him no duty except to refrain from wantonly or wilfully injuring him, and that he should exercise *186 ordinary care after discovering him to be in peril. Included in the foregoing rule there should be the further statement that the licensee should not be exposed to hidden dangers, pitfalls or obstructions. Measured by this rule, the petition does not state a cause of action and the demurrer was properly sustained, unless a different rule should be applied because plaintiff’s decedent was a child of tender years. Many cases can be found where damages have been recovered for injuries to trespassing children; but, on the other hand, many cases are found which hold that the rule is the same whether the injured person is an infant or an adult. We are of the opinion that the latter rule is more consonant with reason, and for authority we turn again to the former holding of this court in the case of Railroad Co. v. Harvey, supra, at page 253: “If landowners are not bound to warn an adult trespasser of hidden dangers, — dangers which he by ordinary care cannot discover and therefore, cannot avoid, — on what ground can it be claimed that they must warn an infant of open and visible dangers which he is unable to appreciate? No legal distinction is perceived between the duties of the owners in one case and the other.” This rule is also stated in 3 Thompson on Negligence, Sec-. tion 3310. A few of the many cases where the courts have refused to recognize the liability in favor of injured children are as follows: Clark, Admr., v. Manchester, supra; Grindly, Admr., v. McKechnie, 163 Mass., 494; Gay, Admr., v. Essex Elec. Street Ry. Co., 159 Mass., 238; Talty, Admr., v. City of Atlantic, 92 Ia., 135; Ratte v. Dawson, *187 50 Minn., 450; Barney v. Hannibal & St. Joseph Rd. Co., 126 Mo., 372; Vanderbeck v. Hendry, supra; Clark v. City of Richmond, 83 Va., 355; Uthermohlen v. Bogg’s Run Co., 50 W. Va., 457, and Habina v. Twin City General Electric Co., 150 Mich., 41.
Very many other cases might be cited, but it is unnecessary to extend the list. Any other rule than that above stated would impose a much greater burden and a higher duty for the protection of children upon every member of the community than is imposed upon the child’s parents. The contrary rule as stated in many cases produced the effect of making persons owning dangerous premises insurers of the lives and limbs of the children of the neighborhood. It would seem that if any insurance must be provided, the expense of the same should be assessed upon the entire community by proper laws, rules and regulations, rather than upon landowners who happen to have upon their premises objects whereby the curious and energetic children of the neighborhood might receive injury, notwithstanding their business may otherwise be conducted in the usual and lawful manner.
A well-defined distinction runs through the cases, between injuries caused by a dangerous statical condition and premises where dangerous active operations are being carried on. A much higher degree of care is necessary in protecting children in the latter case than in the former. If the statical condition of the premises is such that the dangers are easily perceived, no liability can arise; but if the *188 statical condition is made perilous by the active and negligent operation thereof by the owner, a different situation is presented. In the instant case it does not appear that the premises were made more dangerous by active and negligent operation. Neither do we think such a claim can be made, because the court will take judicial notice that a gravel pit is a lawful institution in the conduct of a necessary and lawful business, and that such pits are necessarily operated from the bottom, leaving perpendicular walls at the particular point of operation. The petition contains no allegation that this particular pit was operated in a negligent or unusual manner. Reference has been made to the case of Harriman v. P., C. & St. L. Ry. Co., 45 Ohio St., 11; but that case can be distinguished from the instant case in that licensees were regularly passing over the railroad company’s premises without injury or apparent danger, but on the particular occasion covered by that case,, a child of ten years found an unexploded torpedo. This was clearly an unusual condition of which no warning had been given to the child. It might also be very well said that it was wanton negligence to place a torpedo where a little child might pick it up.
In the instant case the petition does not allege that defendant knew of the presence of plaintiff’s decedent at the premises at the time the injury occurred, and there were no active operations of a negligent nature charged as the proximate cause of the injury, and these facts are important in distinguishing it from the cases of Harriman v. Ry. *189 Co. and Ziehm v. Vale, supra. The judgment of the lower courts will therefore be affirmed.

Judgment affirmed.

Hough, Jones and Matthias, JJ., concur.
Robinson, J., concurs in propositions 1, 2, 3, 4, 5 and 6 of the syllabus and in the judgment.
Wanamaker, J., dissents.