## STATE OF MARYLAND, TO THE USE OF SIMON LEASE, v. CLEVELAND R. BEALMEAR.

### Negligence—Nuisance Attractive to Children.

One erecting buildings on adjacent lots was not, on the theory of nuisances attractive to children, liable for the death of a child as a result of its attempt, while playing about the premises, to cross from the second story of one building to that of the other on a loose plank placed there for the use of the workmen.                                                    p. 14

Ordinarily, from the refusal of leave to amend the declaration, no appeal will lie.                                          p. 15

That a ruling by which a demurrer to the declaration was sustained was without leave to amend is not cause for reversal, if there was no application for such leave.                      p. 15

_Decided June 30th, 1925._

Appeal from the Baltimore City Court (DUKE BOND, J.).

Action by the State of Maryland, to the use of Simon Lease, against Cleveland R. Bealmear. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

_William H. Lawrence_ and _R. Lewis Bainder,_ for the appellant.

_Walter C. Mylander_ and _C. M. Armstrong,_ for the appellee.

ADKINS, J., delivered the opinion of the Court.

The original *narr.* in this case, the demurrer to which was sustained, does not appear in the record. It is from the judgment in favor of defendant on demurrer to the amended *narr.* that this appeal was taken. The amended *narr.* is as follows:

"*State of Maryland, City of Baltimore, to wit:*

"State of Maryland, to the use of Simon Lease, father of Morris Lease, deceased, by James J. Lindsay, its attorney, sues Cleveland R. Bealmear.

"For that the defendant is the owner of a certain two lots of ground located on Alto Avenue between Hilton Street and Dennison Street, public highways of the City of Baltimore and State of Maryland, known as 3311 and 3313 Alto Avenue, and that on or about the 17th day of July, 1923, on the aforesaid two lots of ground, located as aforesaid, the said defendant was, through his agents and servants, in the process of erecting and maintaining two frame dwelling houses, and which said dwelling houses at the time of the commission of the wrongs and grievances hereinafter complained of, were in the process of erection and in a semi-state of completion; whereupon at and about the time of the commission of the wrongs and grievances hereinafter complained of the said defendant had permitted the aforesaid premises to become and remain as an attractive nuisance, and as such was an invitation to children of tender and immature years to enter into and on said premises; and that on or about the aforesaid 17th day of July, 1923, the said defendant, through his agents and servants, had negligently, carelessly and recklessly caused and permitted a board to be placed in such a position that it established a passageway from the second floor of the rear of the dwelling at 3311 Alto Avenue across and over the areaway between the building in the process of erection at 3311 Alto Avenue and the building in the process of erection at 3313 Alto Avenue and into and upon the second floor of the said building located at 3313 Alto Avenue; and that the said board, by reason of being extended out of the second floor of one building into the second

floor of another building, was maintained and permitted to remain without support and without being secure and without any stabilizing power of any kind whatever, and that the said defendant knew of the aforesaid negligent placing of the said board and the negligent and careless fastening thereof, or by the exercise of ordinary care, could have known of the aforesaid dangerous condition; and that the said defendant knew, or, by the exercise of ordinary care, could have known that the said premises and the said buildings which were in the process of being erected upon the premises aforesaid, were being used by children of tender and immature years for childish sports and pastimes, and that in neglect and default of his duty the said defendant did carelessly, negligently and recklessly allow and permit the said premises and the buildings in the process of erection thereon to remain unguarded and without notice or barriers or other warnings of any kind or character to children so using the said premises, warning them of the dangerous, unsafe and improper condition of the said premises and the buildings in the process of erection thereon, and the dangerous, defective and unsafe condition of the said plank or board extending as aforesaid from one building to another; and that whereupon on the 17th day of July, 1923, whilst the defendant knew, or by the exercise of ordinary care and caution, should have known of the aforesaid dangerous, defective, unsafe and improper condition of the said buildings located on the premises aforesaid, and of the dangerous and negligent condition of the plank or board used as a passageway between the said buildings, and that children in the vicinity and the said Morris Lease, infant, now deceased, were in the habit of playing in and about the said premises, engaging in childish sports and pastimes, the said Morris Lease, infant, now deceased, did enter in and upon the said premises and the said buildings in the process of erection at 3311 Alto Avenue, and whilst attempting to cross along and over the said plank or board extending as aforesaid from the

second floor of .3311 Alto Avenue into the second floor
of 3313 Alto Avenue, was by reason of the aforesaid
negligence and carelessness of the said defendant, his
agents and servants, in allowing and permitting the
said board to extend out and across the areaway be-
tween the said building and in allowing and permitting
the said board to be so placed without any stabilizing
power and without being securely fastened or sup-
ported, and thereby causing the board or plank to
sway and move as Morris Lease, now deceased, passed
along and over it, using care and prudence in so doing,
caused to be violently thrown to the ground between the
said premises, whereby the said Morris Lease, infant,
now deceased, was so severely injured that he died as
a result thereof a short while thereafter, whereby the
said Simon Lease, father of the said Morris Lease, in-
fant, deceased, equitable plaintiff, has been deprived
of the services, assistance and support of his said infant
son, to which he would have been otherwise entitled,
and he has been caused to suffer other great pecuniary
loss and damage.

"And the said equitable plaintiff says that the in-
juries which resulted in the death of his said infant
son, the said Morris Lease, deceased, were directly
caused by the recklessness, negligence and carelessness
of the said defendant, his agents and servants in the
premises, and without negligence or want of care on
the part of the said Morris Lease, infant, deceased,
directly thereunto contributing.

"Wherefore this suit is brought and the equitable
plaintiff claims twenty thousand dollars damages."

The demurrer was sustained without leave to amend.

It is not contended by plaintiff that defendant is charge-
able with any negligence of which an adult could complain,
but the doctrine of attractive nuisances is invoked. Plain-
tiff's counsel has not in his brief referred us to any Mary-
land case in which that doctrine has been applied, nor indeed
to any case in this state lending any support to his conten-
tion. For an interesting discussion of this doctrine see 11

*Harvard Law Review,* page 434. The doctrine is mentioned in several Maryland cases and it was said in *Grube v. Baltimore,* 132 Md. 355, that it might be justly applied in some cases. In our opinion the present case is not one of them, unless all building operations are to be unduly hampered. It would be just as reasonable to complain because one left a ladder leaning against a house in the course of construction or left loose boards across the joists of an upper story, by reason of which a trespassing child was injured.

As said by Chief Judge Boyd in *Grube v. Baltimore, supra,* "Children should receive all reasonable protection from the courts, but however much such an injury as this boy sustained is to be regretted, it does not justify mulcting innocent people or corporations in damages for injuries sustained by a boy over ten years of age who had no right to do what he did do."

In the present case it is stated in appellee's brief, and not denied by the other side, that in the course of the argument on the demurrer the trial judge asked the age of the boy, and counsel for plaintiff said he was about thirteen years old. In *Baltimore v. DePalma,* 137 Md. 179, we said, speaking through Judge Thomas, "The case falls within the rule succinctly expressed in *Thompson on Negligence* (vol. 1, par. 945), as follows: 'The owner or occupier of real property is under no obligation to make it safe, or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees, coming upon it without his invitation, express or implied.' " That was the case of a boy about ten years old who was injured by falling lumber on a pier in Baltimore City. The present case comes well within the principle which controlled the decision of that case, and it is unnecessary to repeat what was there said. That case and the cases therein referred to with approval, from this Court and from other jurisdictions, fully set out the law of the present case. We hold that the demurrer was properly sustained.

But it is earnestly argued that the case should be remanded in order to give appellant an opportunity to amend his *narr.,* the trial court having sustained the demurrer without leave to amend. In 2 *Poe, Pl. & Pr.,* sec. 190, it is said: "It is now well settled that from the action of the lower court in granting an amendment in cases within their power, or in refusing to grant it, no appeal will lie." And that statement is fully supported by a number of decisions of this Court.

It is true there was an intimation in *Sterling v. Bank of Crisfield,* 120 Md. 398, of a disposition to qualify that rule, and it may be that an arbitrary refusal to permit an amendment where the merits of the case seem to require it, would not be sustained on appeal. But it must have seemed apparent to the judge who tried this case that no amendment could be effective, after the second attempt. It does not appear that any application was made for leave to amend. In the absence of such application, we do not think the appellant is in a position to ask for a reversal on the ground that an opportunity to amend was withheld.

*Judgment affirmed, with costs to appellee.*