John May, a minor by and through his next friend Catherine Lashkey, his mother, *Plaintiff in Error,* vs. S. S. Simmons and C. C. Bettes, co-partners, doing business as The Milldale Company, *Defendants in Error.*

140 So. 780.

En Banc.

Opinion filed April 12, 1932.

*F. R. C. Koester* and *L. R. Milton,* for Plaintiff in Error; *Marks, Marks, Holt, Gray & Yates,* for Defendants in Error.

Koonce, Circuit Judge.—The plaintiff in error, a minor, by his next friend sued the defendants in error in the Circuit Court of Duval County. The action was based upon an injury received by the plaintiff while attempting to ride upon an endless chain or belt which was used by the defendant in conveying sawdust from railway cars to the ice plant of the defendants. It is claimed that the conveyor as arranged and operated was an "attractive nuisance" to children.

The amended declaration contains nine counts. A demurrer to each and every count was sustained by the Circuit Judge, and the plaintiff not electing to further amend final judgment was given for the defendants. From the ruling of the lower court sustaining the demurrer and giving judgment for defendants the plaintiff has taken writ of error to this court.

The first count of the amended declaration sets forth in detail the facts relied upon for recovery. Briefly summed up the allegations of the first count are that the defendants were engaged in the business of the manufacture and sale of ice in the City of Jacksonville, that in the conduct of their business they used a conveyor to move sawdust from railway cars to a place in their building, this conveyor being about eighty feet long rising from a point near the ground to an elevation of about eighteen feet. Along side of the conveyor and upon the premises of the defendants was a mule shed where the company's mules were stabled. The sawdust was conveyed by means of an endless chain or belt with flanges attached, which passed over sprocket wheels at each end. It is also alleged that though this device was inherently dangerous the belt was left exposed and not boxed in or covered at the lower end where the sprocket wheel was operated. It is also alleged that the conveyor was easily visible to children in the neighborhood and that children before the date of the accident in which the plaintiff, a boy nine years and ten months old, was injured, often played upon the conveyor, jumping on to the belt and riding up to the top of the mule shed. The conveyor was operated by electricity. It is also alleged that the defendants knew, or should have known that the conveyor was inherently dangerous to small children, that it was alluring to them, that the defendants knew, or should have known that small boys were in the habit

of playing thereon, yet they took no precaution against accident by boxing in or protecting the conveyor.

By a long line of decisions of the courts both of this country and England the doctrine of "Attractive Nuisance" has been recognized and adopted, where children of immature age are lured to go upon dangerous machines or contrivances. This court in the case of Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330, recognized that doctrine and followed numerous cases cited in that opinion. This case is known to the profession as the "Magnolia blossom" case. In that case the doctrine of attractive business was fully discussed and it becomes unnecessary to review the authorities at this time. In a dissenting opinion Justice Ellis contended that the "Magnolia blossom" case was different from the cases cited in that the magnolia tree was not inherently dangerous, that the defendant company was not required to foresee that children would be attracted to the tree and climb it for blossoms, that it was unlike the case of Sioux City and P. R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, generally cited by the courts as "The Turntable Case". In "The Turntable Case" small boys had previously played upon the turntable, which fact was known to the defendant. In the instant case the objections made by Justice Ellis in his dissenting opinion are fully met by the allegations of the first count of the amended declaration. For it is not only alleged that the conveyor was an attraction to small boys, which the defendant should have known, but that it was an inherently dangerous instrumentality, and that the defendant knew that small boys often played and rode upon the conveyor, yet made no effort to protect against probable accident. For the reasons stated in the Magnolia blossom case and the further allegation in the declaration that the defendant knew of the use small boys were making of the conveyor,

the demurrer to the first count should have been over-ruled.

The second count of the declaration is practically the same as the first count, but alleges in greater detail the points from which children could see the conveyor. The additional detail alleges nothing not provable under the first count, nor any different liability of the defendant. The practice of re-stating the same facts in several counts, with only slight variations of verbiage, is one which ought not to be encouraged. When a case is well stated, repetition merely tends to confuse the issue. The demurrer to the second count was an unnecessary repetition of the first count. What is said of the second count applies likewise to the third, fourth and fifth counts. The additional allegations in these counts do not state facts which impose liability on the defendant not already set out in the first count, for this reason the court could have stricken such counts on its own motion so the error in sustaining demurrer thereto was harmless.

The sixth count contains the allegations of the first count with the added statement that on the date of the injury plaintiff and two other small boys were playing on and around defendant's premises, and that the defendant knew (or should have known) the fact, but took no precaution against the accident. Even though the plaintiff in error was a trespasser on defendant's premises, on account of his immature age the defendant was charged with the duty of protecting him against the inherent danger of the "Attractive Nuisance". The demurrer to the sixth count should have been overruled.

The seventh count in addition to the allegations of the sixth count undertakes to suggest a means or method of stopping the conveyor in case of accident. What has been said as to the second, third, fourth and fifth counts as to repetition applies to the seventh count. This count suggests a particular method of stopping the conveyor—

a method which would obviously be impracticable. The demurrer was therefore properly sustained to the seventh count.

For the same reasons stated as to the seventh count the demurrer was properly sustained as to the eighth count.

The ninth count charges that the defendants knew that on the day of the accident, and for an hour or more immediately before the injury occurred, the plaintiff and two other small boys were on defendant's premises in the vicinity of the conveyor, and that while knowing the conveyor to be an alluring danger took no precaution to keep plaintiff from going on the conveyor.

For the same reasons given as to the first count the demurrer should have been overruled.

The first, sixth and ninth counts of the amended declaration being good against the demurrer, it was error to sustain such demurrer and to enter judgment against the plaintiff upon failure to further amend his declaration.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

BUFORD, C.J., AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.