Helen Evans Peters, Administratrix of the Estate of Robert Lansing Peters, deceased, v. City of Tampa.

155 So. 854.
Division B.
Opinion Filed July 3, 1934.

E. T. *Shurley* and E. B. *Drumwright,* for Plaintiff in Error;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Defendant in Error.

Per Curiam.—An amended declaration alleged that the defendant City of Tampa, by an artificial construction of its own, confined a natural stream of water in a concrete sewer and thereby so augmented the natural force and violence of the water flowing therein against the sandy banks of the stream on the portions thereof which were not so confined, as to undermine said banks of said stream; that adjacent to the banks of the stream was a large open space of ground used as a playground for children; that to such natural playground, children had for a long time been accustomed to resort to play; that by reason of the augmented force of the water occasioned by the city's act in placing in part of the stream its own artificial construction, the natural banks of the stream had become undermined and precipitous and subject to the always imminent danger of caving in; that such dangerous condition, the City

of Tampa, through its agents, servants and employees knew, or by exercise of reasonable care and caution should have known, created a condition of extreme peril to children attracted to the vacant premises whereon they were habitually accustomed to play, allured thereto by the attractive nature of the sandy banks of the stream in that vicinity; that notwithstanding the attractive nuisance so created and maintained by the city, the city negligently and carelessly permitted and allowed the point of danger to remain without erection of barriers or fencings, and posted no signs or warnings thereon, nor shored up the dangerous banks of said stream, nor otherwise protected same, but permitted same to remain as a menace to children who were, by the nature of the banks and running water, enticed to the premises, as a result of which Robert Lansing Peters, a ten-year-old child, was negligently and carelessly killed by a "cave-in" of the banks of the stream while he was playing on the premises adjacent thereto used as a playground for children. Plaintiff below sued as administratrix of the estate of the deceased minor and claimed $25,000.00 damages.

A majority of the Court are of the opinion that the last amended declaration states a cause of action under the "attractive nuisance" doctrine laid down in Stark v. Holtzclaw, 90 Fla. 207, 105 Sou. Rep. 330, 41 A. L. R. 1323, and that the court below erroneously sustained a demurrer thereto. See also: Hawley v. City of Atlantic, 92 Iowa 172, 60 N. W. Rep. 519.

Reversed for appropriate proceedings.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—My thought is that the second count only states a cause of action.