This is an appeal from a final judgment rendered after the trial judge had (1) sustained a motion for compulsory amendment as to the first count of plaintiff's declaration and a demurrer and (2) sustained a demurrer to the second to the eighth count (inclusive) of plaintiff's declaration.
The plaintiff refused to amend his first count "so as to state the ultimate facts upon which the plaintiff based his allegation that these defendants were `operating a racing stable as a joint adventure.'"
Whereupon a judgment of dismissal was entered, and plaintiff appealed.
In this the court erred, for the reasons contributed by Mr. Justice Thomas, that "there was no need for the pleader to elaborate on the allegation that the defendants were engaged in a joint enterprise; to state the relationship was to apprise them of the capacity in which they were sought to be charged, and no advantage could be taken of them by not going further. The general principle has long been established that the pleader will not be required to particularize facts that are more familiar to his adversary than to himself. Andrews Stephen's Pleading (1894), Section 194. The plaintiff, by stating this relationship so simply, could not have thwarted any effort of the defendants to present as an issue in the case the actual existence of such association among them."
Another error assigned is that the judge erred in sustaining a demurrer to Counts 2 to 8, inclusive, of plaintiff's declaration. These counts present no cause of action showing actionable negligence not covered by the first count, and the trial judge did not commit harmful error in sustaining a demurrer to these counts. Our previous holdings on this point have been as expressed as follows: "The practice of re-stating the same facts in several counts, with only slight variations of verbiage, is one which ought not to be encouraged. When a case is well stated, repetition merely tends to confuse the issue. The demurrer to the second count was an unnecessary repetition of the first count. What is said of the second count applies likewise to the *Page 794 
third, fourth, and fifth counts. The additional allegations in these counts do not state facts which impose liability on the defendant not already set out in the first count, for this reason the court could have stricken such counts on its own motion so the error in sustaining demurrer thereto was harmless." May et al. v. Simmons, 104 Fla. 707, 710, 140 So. 780, 781.
The automobile law of this State, as emanating from the case of Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A. 1917E, 715, has not been extended to horses, as plaintiff attempted to have the court do by some of the counts other than the first.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.