SMITH, FRANK A., Associate Judge.
The appeal challenges the dismissal of the action upon the granting of Defendants’ motions to dismiss and Plaintiff’s refusal to amend his complaint. The only question is the sufficiency of the complaint to state a cause of action.
For sake of brevity and convenience the Defendants will be referred to as “Moody” and “Rex”, respectively.
The complaint alleges that Defendant Rex was engaged in the business of designing and manufacturing for sale, concrete and cement mixers and necessary parts therefor; that it designed and manufactured a pressure cap for use on water tanks of *77 the said mixers which it also manufactured and that these tanks contain water and air pressure on which the pressure cap would be screwed tight; that said pressure caps were negligently and defectively designed and manufactured in that they did not contain a sufficient amount of holes, or holes of sufficient size to permit the air compressed in the tanks to escape as the cap was being removed by persons working at such “jobs” and that the pressure caps would thereby be caused to be dangerously exploded into the air, or in the alternative, the pressure caps did not contain a sufficient amount of pipe threads between the bottom of the pressure cap and the air holes to permit the compressed air to escape in a safe manner as the pressure cap is removed; that prior to May, 1959, Rex manufactured a pressure cap that was negligently and defectively designed as aforesaid and which had stripped pipe threads and that the defect in the pressure cap was latent, not visible or apparent, but was known or should have been known to Defendants and was fitted on a water tank, and was an integral part of a mixer which it (Rex) sold and delivered to Defendant Moody, a retail distributor of the mixers manufactured by Rex; that in or about May the Defendant Moody sold and delivered a mixer containing said pressure cap to a customer and on July 21, 1959, Plaintiff, an employee of said customer, was tending said mixer and while sitting on top of same and as a proximate result of the negligence of Rex in failing to adopt a safe design for the pressure cap and negligently manufacturing a defective pressure cap and as a result of negligence of Moody in failing to properly inspect the pressure cap, the pressure cap exploded from the water tank striking the Plaintiff in the face and eye and injuring him.
As to the Defendant Moody, a brief statement of the charge is that as a retail distributor it received the above described defective pressure cap fitted on the water tank of a cement mixer, sold and delivered to it by Defendant Rex; that although this defect was latent and not visible or apparent, yet Defendant Moody knew or should have known (construing the language in Plaintiff’s favor) of such defect; further that Defendant Moody was negligent in failing to properly inspect the pressure cap which exploded from the tank and struck the Plaintiff.
Without further averment in regard to the inspection by Defendant Moody, the allegation is insufficient to allege a failure to make a reasonable inspection which was the only duty required of it. It was only required to exercise due care to discover a defect and the complaint does not show that it did not make a reasonable inspection or that it failed to discover the defect because of failure to make an inspection or because it did not make a different kind of inspection which was required in the exercise of due care. The allegation of failure to “properly inspect” is not one of want of inspection but rather an assertion of an inspection other than what the pleader considers to have been proper, without any showing of fault.
While the allegation of inadequate inspection is faulty, yet it is also alleged that both Defendants knew or should have known of the defect. This language has consistently been approved to sufficiently charge knowledge. It embraces both actual and constructive knowledge. It says either that Defendants actually had the knowledge or were informed of facts from which they should have known the ultimate fact of the existence of the defect and the consequent danger therefrom.
As alleged, the danger arose in the removal of the pressure cap which was constructed without adequate escape for air, but the complaint is silent as to any removal. This is an essential allegation without which the complaint is defective, so that the motion to dismiss was properly sustained.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.