400 So.2d 569 (1981)
Donna L. DRAKE, Individually and Donna L. Drake, As Personal Representative of the Estate of David G. Drake, Deceased, Appellant,
v.
SUN BANK AND TRUST COMPANY OF ST. PETERSBURG, a Florida Corporation, Appellees.
No. 80-2046.
District Court of Appeal of Florida, Second District.
July 8, 1981.
John M. Edman of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, for appellant.
Mark E. Hungate and James C. Hadaway of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, for appellee.
*570 RYDER, Judge.
Donna L. Drake appeals the dismissal of her complaint to recover for the death of her husband, alleging that a cause of action was pled therein. We agree and reverse.
This case came before the court originally in Drake v. Sun Bank and Trust Company of St. Petersburg, 377 So.2d 1013 (Fla. 2d DCA 1979), in a similar posture. We noted:
According to the complaint, appellant's husband went to the Sun Bank and Trust company of St. Petersburg to transact some business. While in the bank parking lot, he was kidnapped, driven to a remote location in Pinellas County where he was robbed and murdered. Appellant alleged that the bank knew that its customers often carry cash and other valuable items while using the parking lot and it failed to have adequate security devices or personnel present to protect them. She contended that her husband's murder was a direct and proximate result of the bank's negligence in failing to provide protection and security in the parking lot... .
377 So.2d, at 1014.
In an amended complaint below, appellant added allegations that the bank is in a high crime area, provides less protection than other banks and that the bank's security guards were negligent in allowing a dangerous condition to develop. Appellant further alleged that similar crimes occurred on or near the facilities, and that appellee should have had knowledge of the chance of an assault against a customer on their property.
We hold that the allegations in the amended complaint are sufficient to state a cause of action for negligence. See, e.g., Winn-Dixie Stores, Inc. v. Johstoneaux, 395 So.2d 599 (Fla. 3d DCA 1981). The order dismissing the complaint is REVERSED and the case REMANDED for further proceedings.
HOBSON, Acting C.J., and OTT, J., concur.