435 So.2d 839 (1983)
Walter FITZER, As the Personal Representative of the Estate of Diane Fitzer, Deceased, Appellant,
v.
J. Russell FORLAW, M.D., Appellee.
No. 81-393.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied August 24, 1983.
Edna L. Caruso, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellee.
LETTS, Chief Judge.
The trial court granted a motion to dismiss the complaint because it failed to state a cause of action. This appeal presents the question of whether a cause of action can be stated in favor of a third party upon an allegation of prescribing pills to a known drug addict. We answer in the affirmative.
Diane Fitzer was killed when struck by an automobile driven by a patient allegedly under the influence of Quaaludes prescribed by his doctor. The doctor was named as a defendant in the subsequent suit filed by Fitzer's estate. The complaint inter alia alleges that this particular doctor knew or should have known, with the exercise of reasonable care, that the patient was a drug addict. This language has consistently been approved to sufficiently charge knowledge since it embraces both actual and constructive knowledge. It says either that the doctor actually had the knowledge or was informed of facts from which he should have known the ultimate fact of the existence of the addiction. See May v. Simmons, 104 Fla. 707, 140 So. 780 (Fla. 1932); Dejernette v. M.D. Moody & Sons, Inc., 140 So.2d 76 (Fla. 2d DCA 1962); Drake v. Sun Bank & Trust Co., 400 So.2d 569 (Fla. 2d DCA 1981). Thus we have no difficulty whatever in holding that if a doctor prescribes Quaaludes to a known drug addict, it is foreseeable that the addict may drive an automobile under the influence and cause injury to innocent third parties. Indeed, even the statute immunizing tavern owners from liability to third persons has an exception in the event the alcohol is knowingly served "to a person habitually addicted... ." Section 768.125, Florida Statutes (1981). Accordingly, we hold that *840 the complaint before us states a cause of action in this one regard.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.

ON MOTION FOR REHEARING
LETTS, Judge.
We deny the motion for rehearing. However, agreeing that the issue is of great public importance, we accede to the appellee's request for certification and therefore certify the following question to the Supreme Court:
IS A PHYSICIAN WHO PRESCRIBES QUAALUDES TO A KNOWN DRUG ADDICT LIABLE TO A THIRD PARTY FOR THE NEGLIGENCE OF THE PATIENT IN DRIVING A CAR WHILE UNDER THE INFLUENCE OF THE DRUG?
DOWNEY and BERANEK, JJ., concur.