UNITED STATES (BAJORQUES v.). See Case No. 761.

## Case No. 14,498.

UNITED STATES v. BAKER.

[See Case No. 14,501.]

## Case No. 14,499.

UNITED STATES v. BAKER.

[3 Ben. 68.] [1]

District Court, S. D. New York. Dec., 1868.

SETTING ASIDE VERDICT — DEAF JUROR — CHALLENGE.

1. Nothing that is a cause of challenge to a juror before verdict, can be used to set aside a verdict.

[Cited in Johns v. Hodges, 60 Md. 215.]

2. Where one of the jurors in a criminal trial was deaf, and the defendant was ignorant of the fact when the jury were empanelled: Held, that this was no cause for setting aside the verdict.

[Cited in Brewer v. Jacobs, 22 Fed. 239.]

[Cited in Re Waterman's Will (R. I.) 28 Atl. 1027; Ryan v. River Side & Oswego Mills, 15 R. I. 436. 8 Atl. 246; State v. Powers, 10 Or. 145; U. S. v. Augney, 6 Mackey, 89.]

The defendant in this case [Garniss E. Baker] was convicted of an offence under the national banking act. After the verdict, a motion was made to set it aside on the ground, among others, that one of the jurors was deaf and did not and could not hear the evidence, and that the defendant was ignorant, at the time the jury were sworn and empanelled, of the deafness of the juror.

B. K. Phelps. Asst. U. S. Dist. Atty.

John Sedgwick, for defendant.

BLATCHFORD, District Judge. On principle, as well as on authority, nothing that is a cause of challenge to a juror before verdict, can be used to set aside a verdict, as for a mistrial, even though the cause of challenge was unknown to the party when the jury

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

were sworn. Hollingsworth v. Duane, 4 Dall. [4 U. S.] 353. The nonpossession of any natural faculty stands, in respect to a juror duly summoned, in the same category with alienage or infancy or sex. That a juror is an alien is an objection that must be taken advantage of before verdict and by challenge. Hollingsworth v. Duane, before cited. So, it is a ground for challenge, that a juror is an infant or a female. Whart. Cr. Law (2d Ed.) p. 856. Where an infant is duly summoned as a juror and returned on the panel, his infancy must be objected to by challenge. In the present case the juror was duly summoned and returned on the panel. His alleged incompetency was, therefore, a cause of challenge. Rex v. Tremaine, 7 Dowl. & R. 684. The motion for a new trial on this ground is denied.

A new trial was granted on a question of the weight of evidence, on two counts of the indictment.