BAILEY DICKERSON (BY NEXT FRIEND) v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued February 20, 1902—Decided June 9, 1902.

1. That one of the jurors in the trial of a cause does not understand the English language is no legal ground for setting aside the verdict where the right of challenge existed.
2. The only remedy is by challenge, and it is immaterial whether the incapacity of the juror was known or not.

On case certified from the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Malcolm MacLear.*

For the defendant, *George T. Werts.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiff, an infant about three years and nine months old, was run over by the car of the defendant company.   This suit is brought to recover compensation for the injury received by him.

After the jury had retired to deliberate upon their verdict it was ascertained that one of the jurors did not understand the English language.   It is admitted that the juror had not been examined by counsel on either side; that they were ignorant of his deficiency in this respect, and that he was not challenged, although the right to challenge by either party was not exhausted.

The trial resulted in a verdict for the plaintiff for $5,000.

Four questions are certified for the advisory opinion of this court:

1. Whether the motion of the defendant to set aside said

verdict because of such inability of said juror should be granted?

2. Whether the motion to nonsuit the plaintiff made by and on behalf of the defendant should have been granted?

3. Whether the motion to direct a verdict for the defendant should have been granted?

4. Whether the refusal to grant said motions, or any of them, was error, for which the said verdict should be set aside?

First, as to the disqualified juror.

In *Rex* v. *Sutton*, 8 *Barn. & C.* 417, which was a trial on an indictment for conspiracy, Lord Chief Justice Tenterden, in delivering the opinion of the court, said: "Now, I am not aware that a new trial has ever been granted on the ground that a juror was liable to be challenged, if the party had an opportunity of making his challenge."

In *United States* v. *Baker*, 3 *Ben.* 68, which was a criminal case, the court refused to set aside a verdict because one of the jurors was deaf.

In *State* v. *Madigan*, 59 *N. W. Rep.* 490, a Minnesota case, the trial was for perjury, in which one of the jurors did not understand the English language. The motion for a new trial was denied on the ground that the moving party had an opportunity to challenge.

In *Wassum* v. *Feeney*, 121 *Mass.* 93, the application for a new trial was refused. Chief Justice Gray delivered the opinion of the court, saying: "When a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict; this rule has been applied in a capital case."

In *Kohl* v. *Lehlback*, 160 *U. S.* 293, which was the case of an alien juror, Chief Justice Fuller delivered the opinion of the court denying a new trial.

He cited with approbation the declaration of Chief Justice Gray in *Wassum* v. *Feeny*, *supra*, and said that the great weight of authority is to the same effect.

In *State* v. *Pickett,* 73 *N. W. Rep.* 346; *In re Chelsea Water Works* v. *Ex parte Phillips,* 10 *Hurlst. & G.* 730, and many other cases, the courts have held that the only remedy is the right to challenge provided by statute.

If the inability of a juror to understand the English language is good cause for setting aside a verdict, the same rule must be applied where a juror is illiterate and unable to comprehend the meaning of expert evidence or technical terms used by witnesses during the progress of the trial.

Although there are some cases which support a contrary rule, we are of the opinion that both upon reason and authority the application to set aside the verdict on this ground should be denied.

As to the motions to nonsuit and direct a verdict for the defendant, we think there was some evidence of negligence on the part of the defendant which it was necessary to submit to the jury; it was not so clearly a law question that the court could take the case from the jury. These motions were properly denied.

Whether the verdict is against the clear weight of evidence is a question to be determined by the trial court, if an application is there made for a new trial on that account.

The Circuit Court should be advised that each of the questions certified is answered in the negative.