MAUD DeMATEO AND ANTONO DeMATEO, DEFENDANTS IN
ERROR, v. MARCUS PERANO, PLAINTIFF IN ERROR.

Argued June 30, 1910—Decided November 14, 1910.

1. Disqualification of a juror is a cause for challenge which, if
   neglected or omitted for any cause, is a waiver of the right to
   assign the alleged disqualification as a ground for error.
2. A tenant in a partly lighted hallway in a tenement house, while
   attempting to enter from the hallway to the stoop, upon which
   ice had accumulated as a result of a leak in a defective leader,
   which defect was known to the landlord, and which he had
   attempted to stop, fell upon the ice and was injured. *Held*, that
   the questions of the landlord's negligence and the tenant's con-
   tributory negligence, as well as the extent and reality of the in-
   jury complained of, were questions for the jury.

On error to the Hudson Circuit Court.

For the plaintiff in error, *Marshall Van Winkle.*

For the defendant in error, *John J. Fallon.*

The opinion of the court was delivered by

MINTURN, J. This is a writ of error to the Circuit Court
of Hudson county, removing a judgment entered on the ver-
dict of a jury in favor of the plaintiff for $1,500.

The suit was instituted by plaintiffs as husband and wife
against the defendant as landlord, to recover for personal in-
juries sustained by the wife by falling on an icy stoop of the
house wherein plaintiffs were residing as tenants. The decla-
ration also contains a count for damages in favor of the
husband.

A rule to show cause was granted by the trial judge after
judgment, reserving defendant's exceptions to the court's re-
fusal to nonsuit, and to direct a verdict, and upon this writ
of error the questions presented by these exceptions are the
only questions open for consideration.

A preliminary question of procedure, however, was raised

by a petition which defendant presented to the trial court, in which he alleged that George Walters, one of the panel of jurors who had heard the case, was the same person who, under the name of George R. Walton, had served as juror on the previous trial of the case; that this juror did not at any time declare his identity; and that the defendant only learned of the fact some time after the trial and after the granting of the rule to show cause. The inability, in a measure, of counsel for the defendant to discover this fact, was due to the incident that between the first and second trials of the cause, defendant had changed his counsel. The trial court, upon the presentation of this petition, granted a rule to show cause, reserving exceptions, which, after argument, was discharged; and the defendant has assigned error upon this judicial action as follows:

"That the Circuit Court refused to grant a new trial, although it appeared that George Walters, who was sworn as a juror on said trial, had also without knowledge of the defendant and his attorney, been sworn as a juror and participated under the name of George R. Walton, in the first trial of the issue between the same parties on the same pleadings."

The substantial ground of complaint under this assignment is that the trial court, for the reasons stated, refused to arrest the judgment and grant a new trial. The difficulty of acceding to this view is found in the fact that the refusal to grant a new trial is a matter resting entirely in the discretion of the trial court, and is not the subject of review on error. *State Mutual Loan* v. *Williams,* 49 *Vroom* 720.

It is also to be observed that the reason urged does not present a legal ground for arresting the judgment, since such procedure can only be invoked where some matter intrinsic in the record, and not *aliunde* the record would render the judgment clearly erroneous and reversible. 2 *Tidd* 918; *Farwell* v. *Smith,* 1 *Harr.* 133.

The initial difficulty, however, which confronts us in the consideration of this contention, is that the rule to show cause in question forms no part of the record brought here by writ of *certiorari,* or by any legal method, so as to become a part of

the record before us, upon which error can be legally assigned; and it cannot, therefore, enter into our consideration of the case.

Quite aside from this objection, is the fundamental barrier presented by the rule that the disqualification of a juror is a matter for challenge; and that the failure to challenge is a waiver of the right. This rule has been applied where the disqualification of the juror was not actually known to the parties at the time. *Dickerson* v. *North Jersey Street Railway Co.*, 39 *Vroom* 45; *State* v. *Lang*, 46 *Id.* 1; affirmed by this court, *Id.* 502.

The case itself presents these facts:

Plaintiff and her husband, as tenants, resided in two rooms in the upper floor of defendant's house. The halls and entrances were not rented, but were used in common by the plaintiff and other tenants of the defendant. This condition of ownership, management and control, imposed upon the defendant the duty of using reasonable care to keep the common passageways in order for the use of the plaintiffs, as declared by this court in *Siggins* v. *McGill*, 43 *Vroom* 263; *Gerhardt* v. *Boettger*, 46 *Id.* 917.

There was evidence that on the night in question, the plaintiff, Mrs. DeMateo, with two friends, started to go to the toilet; and to do so it was necessary to pass down the stairs, through the hallway, out of the door into a vestibule, into which a door opened, and then pass on to the stoop leading out into the yard. While stepping from the vestibule to the stoop, Mrs. DeMateo slipped upon the ice, which had been permitted to accumulate there, and falling, sustained the injury of which she now complains.

The tort-feasance complained of was based upon this fact, together with other facts elicited at the trial, which showed that the ice which had thus accumulated had been produced by a defective leader from the roof of the house from which the water spread over the stoop, and there froze. That this leader had been in such defective condition for some length of time, and that it was sought to repair it by defendant placing about the aperture a bag or sack which, however, only

partly arrested the flow of water and did not prevent it from dripping and leaking on the floor of the vestibule and the stoop, where it congealed.

Unless the element of contributory negligence upon the part of the plaintiff clearly appeared, as a part of this situation, the question of negligence thus presented was for the jury to determine. *Pennsylvania Railroad* v. *Righter,* 13 *Vroom* 180; *Durant* v. *Palmer, 5 Dutcher* 544.

The suit was instituted before the passage of *Pamph L.* 1909, *p.* 210, enabling a married woman to sue for damages for torts affecting her or her separate estate as though she were a *feme sole;* and, therefore, the husband was joined with her as co-plaintiff under the common law requirement.

It was therefore contended, upon a motion to nonsuit, and again upon a motion to direct a verdict in favor of defendant, that if the negligence of the husband contributed to create the cause of action, such negligence should be chargeable to the wife, and should defeat her right of action as well as the husband's.

Without discussing the distinct question as to the effect upon the wife's right of action of the husband's knowledge of existing conditions, it will suffice to say that in any event the question whether he and she possessed such knowledge, and whether, possessing it, they became jointly chargeable with negligence which was contributory in some degree to the injury and damage complained of, were questions under the facts and circumstances of the case for the jury to determine. *Pennsylvania Railroad* v. *Righter, supra; Durant* v. *Palmer, ubi supra.*

The testimony shows that there was some light in the hall on the night in question, and it cannot be said, therefore, as a matter of law, that the absence of sufficient light was *ipso facto* a contributing cause of the accident. It is true, under our cases, that if light be necessary in such a situation, the duty of furnishing it is not upon the defendant but upon the plaintiff. *Gleason* v. *Boehm,* 29 *Vroom* 475.

But that solution of the relative duties of the parties does not dispose of the inquiry whether, under all the facts and

circumstances, and conceding the absence of light, the plaintiff's conduct, under the circumstances, was negligence as a matter of law, for such in essence is the gist of the inquiry. Of a similar nature is the contention that the fall which Mrs. DeMateo met with was not the real cause of the injury of which she complains; and that, as a fact, her alleged injury was not productive of the serious inconvenience or consequences which she alleged. Inquiries directed to the truth of allegations of this character are, under well-settled rules, essentially questions of fact, and peculiarly within the province of the jury. 24 *Cyc.* 1124, and cases cited.

No error appearing in the record, the judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 14.

*For reversal*—None.