30 N.J. Super. 544 (1954)
105 A.2d 435
DEMETRIO OLIVO, PLAINTIFF-APPELLANT,
v.
STRAND ENGINEERING, INC., A BODY CORPORATE AND JOSEPH VAN PAMEL AND FRANK BARONE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1954.
Decided May 21, 1954.
*545 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. David Cohn argued the cause for plaintiff-appellant.
Mr. John W. Hand argued the cause for defendants-respondents (Messrs. Evans, Hand & Evans, attorneys).
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
This appeal is from a judgment of no cause of action and from an order denying a motion to set aside the judgment and for a new trial arising out of an automobile intersection negligence action. The accident took place April 5, 1952.
The case was submitted to the jury. When the jury first returned seeking instructions concerning a stop street sign, the court was advised that one of the jurors could not understand *546 English which fact the remaining members discovered while deliberating. After receiving an instruction concerning the stop street sign, the trial court informed the jurors that there was nothing it could do and suggested that the jury continue its deliberations.
When the jury returned the second time, it returned a verdict of no cause of action on a reported vote of 10 to 2. When the jury was polled, the juror who could not understand English (although in answer to the judge's question he said he understood English "A little bit") stood mute. Two other jurors disagreed with the verdict. One of the jurors spoke to the mute juror in a foreign language and advised the court that said juror thought both parties were wrong.
As a result of the colloquy the judge sent the jury back for additional deliberations in order to find out if 10 of the remaining 11 jurors could agree on a verdict. When the jury returned, it reported a verdict of no cause of action with 10 of the 11 in agreement. The judge, upon the polling of the jury, recorded the juror who could not understand English as disagreeing and recorded the final vote as 10 to 2.
Plaintiff's counsel asked for a mistrial before the verdict was received. The motion was denied. The verdict of no cause of action was entered for defendants. Plaintiff's motion for a new trial was denied.
Appellant contends that a verdict rendered by a jury of which one member cannot understand English is invalid and unconstitutional, citing N.J.S. 2A:69-1 which provides, in part, that a person summoned as a juror shall be able to read, write and understand the English language.
The record shows that the first notice of the juror's inability to understand English was when the jury returned after its first deliberations. Appellant's explanation as to why he failed to examine the jury on its voir dire was that in his county the trial court insists on limiting counsel to omnibus questions and refuses to permit the examination of each juror individually and separately. Counsel's explanation *547 is not persuasive. It is counsel's obligation to protect his client and not to excuse his lack of diligence on the alleged actions of a trial judge. In an exhaustive and comprehensive opinion, Judge Eastwood discusses the statutes, rules and case authorities permitting an examination of a prospective juror. Such examination should be made of each juror individually and separately and not as a group. Springdale Park, Inc., v. Andriotis, 30 N.J. Super. 257, 263 (App. Div. 1954).
N.J.S. 2A:78-6 provides:
"It shall be good cause of challenge * * * that [a person summoned as a juror] does not possess the qualifications required by section 2A:69-1 * * *.
No exception to any juror, grand or petit, on account of his citizenship, age or other legal disability shall be allowed after the juror has been sworn."
It is obvious in the present case that had appellant directed specific questions to each juror the disqualification would have been readily ascertained and the court would have excused the juror for cause. This the appellant failed to do and he cannot now complain. Tarnow v. Hudson & Manhattan R. Co., 120 N.J.L. 505, 511 (Sup. Ct. 1938); Dickerson v. North Jersey Street Ry. Co., 68 N.J.L. 45 (Sup. Ct. 1902). The "disqualification of a juror is a matter for challenge; and * * * the failure to challenge is a waiver of the right." De Mateo v. Perano, 80 N.J.L. 437, 439 (E. & A. 1910).
Appellant's remaining contentions may be considered as one. Appellant contends that the trial court should have declared a mistrial on the occasion of the jury's second return when it showed two dissenting votes other than the "disqualified" juror's vote, and that the trial court's conversation with the jury was prejudicial. Our reading of the record indicates that the trial court was seeking a proper and just verdict without attempting to influence the jury in any manner and that the trial court had in mind the admonition of R.R. 4:49-2:
*548 "Where a verdict is rendered by less than the entire jury, the jury shall be polled. In any civil action wherein a verdict may be rendered by five-sixths of the jury, the jury shall not be discharged for its inability to agree upon a verdict, unless the court is satisfied that agreement by five-sixths thereof is not attainable."
Under the unusual circumstances of this case, the trial court's actions were not inconsistent with the proper exercise of its functions.
Affirmed.