110 So.2d 649 (1959)
LARNEL BUILDERS, INC., a Florida corporation, Petitioner,
v.
James C. MARTIN, as natural father, next friend and surviving father of Carl Martin, deceased, Respondent.
Supreme Court of Florida.
April 8, 1959.
Rehearing Denied May 1, 1959.
Dixon, DeJarnette, Bradford & Williams, Miami, for petitioner.
Eaton & Achor, Miami, for respondent.
DREW, Justice.
The petitioner, defendant in the trial court, seeks by petition for writ of certiorari to obtain review of a decision of the District Court, Third District, which affirmed a judgment based upon a jury verdict for plaintiff, respondent in this Court, in an action for wrongful death based upon the doctrine of attractive nuisance.
The respondent's son, age seven, was drowned in water adjacent to a mound of rock excavated by the petitioner. At the trial, upon completion of the plaintiff's case, *650 the court denied a motion by the defendant for leave to amend its answer to plead contributory negligence, and subsequently refused to charge the jury on the point. The ruling of the District Court upon appeal was [105 So.2d 583]: "We will not hold the trial court in error for regarding the seven year old deceased as being a child of tender years, so that neither the child's trespass nor his negligence were to be counted against him under the applicable attractive nuisance doctrine. * * * The cases are not wanting in which the attractive nuisance doctrine has been applied with respect to children of seven years and older." Taken in context, upon the record before the court, this statement can only be interpreted as an affirmation of the trial court's action in rejecting the motion and proffered instructions on the issue of contributory negligence and presenting the cause to the jury for determination of liability under the doctrine of attractive nuisance. It is immaterial, in disposing of the petition in this Court, whether the ruling was based upon an erroneous conviction that a child of the age involved could not under any circumstances be guilty of contributory negligence,[1] or, as hereinafter elaborated, upon the inherent incompatibility of the two concepts.
Petitioner contends, among other things, that the decision conflicts with that of Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182 So. 812, holding that a motion for directed verdict in an attractive nuisance case was properly denied, and that all the matters involved in said motion, including an assertion of contributory negligence as a matter of law, were issues for the jury. This pronouncement would, on its face, collide with the decision in the instant case so as to constitute a jurisdictional conflict.[2] It does not appear, however, that the point was specifically argued in the Oenbrink case, the court's attention being devoted largely to the character of the evidence involved. Upon a thorough consideration of the question of law, we are of the opinion that, to the extent the earlier opinion approved the submission of the issue of contributory negligence to the jury in a case of this nature, it should be receded from and the rule of the instant case endorsed.
The concepts are closely related but, in the final analysis, irreconcilable. One of the conditions essential to operation of the attractive nuisance doctrine is that the injured party because of the incapacities of age, etc., does not in fact "realize the risk involved in intermeddling" or in coming within a hazardous area.[3] By proceeding upon this theory then, as did the plaintiff in this case, one assumes the burden of showing that the individual involved was of such age and incapacities, as a child of "tender years," that he would not be held accountable for his own negligence or lack of judgment. There was no contention that the evidence in the cause was insufficient to present a jury question on this issue so as to warrant the general charge given upon the doctrine of attractive nuisance. Nor can it be successfully argued that the record evidence is otherwise such as to preclude, under prior decisions of this Court, a verdict based upon this doctrine.[4]
These conclusions are consistent in every sense with the principle of liability governing children generally: that the standard of conduct to which even a child must conform is that to be expected from one of like age, intelligence and experience.[5] While the instructions given upon *651 the doctrine of attractive nuisance in the instant case may have lacked clarity in this respect, we must affirm the ruling of the District Court that there was no error in rejecting the only alternative charge on the point relating solely to the defense of contributory negligence which, as already noted, has no place in such a suit.
Writ discharged.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Cf. Turner v. Seegar, 151 Fla. 643, 10 So.2d 320.
[2] Ansin v. Thurston, Fla., 101 So.2d 808.
[3] A.L.I. Rest. Torts, Section 339. Stark v. Holtzelaw, 90 Fla. 207, 105 So. 330, 41 A.L.R. 1323.
[4] See Ansin v. Thurston, Fla., 101 So.2d 808; Allen v. William P. McDonald Corporation, Fla., 42 So.2d 706; Newby v. West Palm Beach Water Co., Fla., 47 So.2d 527.
[5] A.L.I. Rest.Torts, Section 464; Turner v. Seegar, note 1, supra.