HORTON, Judge.
Appellant property owner seeks review of a judgment of the circuit court of Dade County in an eminent domain proceedings.
The trial court and jury were concerned with the condemnation of five parcels for the location and construction of a limited access roadway known as the 36th Street Expressway, in Miami, Dade County, Florida. This appeal concerns one of these parcels.
The principal point argued by the appellants concerns the conduct of the jury in reaching a verdict. When the verdict was delivered to the clerk in open court and was read, a poll of the jury was requested. In response to the poll, one of the jurors stated, “We voted by a majority. I didn’t agree with the vote.” Whereupon the following transpired:
“The Foreman: If the Court pleases, your Honor, we were instructed to bring back a unanimous verdict. As a unanimous verdict, it was decided that we would — and we polled the jury time and time again on these different parcels, and we came upon a — well, shall I say a majority rule, considered the fact of a majority of us on certain figures — we all came up at one time *303 with different figures — and after polling several times, we came up with a majority on one figure, and so wrote the verdict which we understood that this was unanimous.
“The Court: Well, each of you agrees in connection with each of these amounts that you brought in?
“The Foreman: I didn’t hear you.
“The Court: Did all twelve of you agree as to the amounts that you brought in as set forth in your verdict?
“The Foreman: Not at all times, sir, no.
“The Court: Do you feel—
“The Foreman: I think possibly we did not understand what the Court meant by reaching — or the manner of reaching a unanimous verdict. Let’s put it that way.
“The Court: Well, do you feel that if you were to go back and resume deliberations on this matter, that there is a possibility that you may bring in a unanimous vote of all twelve for each of the items that are contained in your verdict?
“The Foreman: As foreman, personally, yes, sir, I do feel that we could.”
The trial judge then instructed the jury to return to the jury room, resume deliberations and “ * * * attempt to bring in a unanimous verdict; and by ‘unanimous’ is meant that all twelve of you must agree to whatever the verdict is. Is that clear? All twelve must concur or agree; otherwise, it is not unanimous.” Subsequently, the jury returned a second verdict which was identical to the original verdict. The second verdict was read and recordéd and became the basis of the judgment appealed.
The appellants contend that the trial court erred in failing to grant a mistrial upon discovery of the jury’s mistake or in failing to grant the appellants’ timely motion for new trial.
Clearly motions for mistrial[1] as well as motions for new trial[2] are addressed to the broad discretion of the trial judge. We do not find that the trial judge abused his discretion in denying these motions.
The trial judge would have been warranted in ordering the jury to again consider their verdict had they reported to the court after initial deliberation that they were unable to agree on a verdict. Dehon v. Heidt, Fla.1948, 38 So.2d 39, and § 54.22, Fla.Stat., F.S.A. Further, it seems that even where there is a question as to the propriety of the process adopted in arriving at the verdict, a subsequent polling of the jury and their' separate answers relieves the verdict from all obj ection. See Marks v. State Road Department, Fla.1954, 69 So.2d 771 and cases collected in 52 A.L.R, 44. Cf. Orange Belt Ry. Co. v. Craver, 32 Fla. 28, 13 So. 444. Although this appears to be a question of first impression in this state, the Superior Court of New Jersey, in an analogous case,[3] said:
“The argument is that under the circumstances, the jurors having revealed their position in open court, the previously dissident jurors were unduly coerced toward unanimity when sent out again and that this conclusion is supported by the previous long deliberation, the lateness of the evening hour, and the quickness of the final verdict. We do not agree. There is not here presented the case of undue *304 pressure by the trial judge of the jury to arrive at a verdict which was shown in In re Stern, 1953, 11 N.J. 584, 95 A.2d 593. The handling of this matter was within the discretion of the trial court and that discretion was not abused. It is the general rule that a jury may he sent out to continue deliberations even after a poll reveals discepancies between an announced verdict and the position of the individual jurors. 164 A.L.R. 1276, 1277; Olivo v. Strand Engineering Co., App.Div.1954, 30 N.J.Super. 544, 105 A.2d 435.” [Emphasis supplied.] See in this connection Atlanta Coach Co. v. Curtis, 42 Ga. 639, 157 S.E. 344.
Having considered the remaining points raised and argued by counsel, we conclude that they are without merit. Accordingly, the judgment appealed is affirmed.
Affirmed.

. First Nat. Bank in Tarpon Springs v. Bliss, Fla.1952, 56 So.2d 922.

. Cloud v. Fallis, Fla.1959, 110 So.2d 669.

. Botta v. Brunner, App.Div.1956, 42 N.J. Super. 95, 126 A.2d 32, 40.