ANDREWS, Judge.
The defendant, 7-Eleven, Inc., appeals from a final judgment entered upon a jury verdict in favor of plaintiffs, John Mercier, a minor, and his father, Wilfred R. Mercier, awarding plaintiffs damages for personal injuries sustained as a result of an attractive nuisance created and allowed to remain on defendant’s property.
Defendant leased and maintained a store and a lot extending approximately fifteen feet behind the rear of the store. John Mercier, age 13, and another boy were playing behind defendant’s store when John spotted a Clorox bottle among the rubbish on defendant’s property. John threw a rock at the bottle, which resulted in the bottle exploding and causing a piece of glass to enter John’s eye. John has lost the complete use of that eye. Upon trial, the issue of defendant’s liability was presented to the jury solely on the theory of attractive nuisance.
The determinative question before this court is whether there is sufficient evidence to support a verdict based on the doctrine of attractive nuisance. The trial court’s instruction to the jury on the law of attractive nuisance was taken from the case of Tampa Electric Company v. Lariscy, Fla. App.1964, 166 So.2d 227. The elements of the doctrine are set out in the court’s opinion in that case, and there is no need to repeat them here. The evidence establishes that children often came to the area behind defendant’s store to play, and that defendant was aware of this fact. There is testimony that 7-Eleven had allowed rubbish and trash of various description to accumulate in this area. Among this rubbish were bottles lying about the area.
There is testimony that children were in the habit of throwing rocks at these bottles as plaintiff John Mercier and his playmate were in fact doing when the accident occurred. The record also contains the testimony of an expert witness who testified as to the dangerous characteristics of capped Clorox bottles containing solution which are allowed to remain in the sun.
Upon a careful examination of the record before the court and of the briefs submitted by both parties, we hold that the question whether these conditions created an attractive nuisance was properly submitted to the jury and that there is sufficient evidence to support the verdict in favor of plaintiffs.
We have considered the other questions raised on appeal, and find them without merit.
The judgment is, therefore, affirmed.
SMITH, C. J., and BARNS, PAUL D., Associate Judge, concur.