PEARSON, Judge.
Eight year old Donna Pinder was injured while she was playing with other children on a playhouse constructed by the children from abandoned building materials, which included a door containing panes of glass. The building in which Donna was living was being repaired and the materials had been taken out of it and stacked against the rear of the building near a trash pile. Suit was brought against the apartment house owner and the apartment house operator, the appellants, upon the theory that they had maintained an attractive nuisance. The trial court instructed the jury as to attractive nuisance but not as to simple negligence. The jury found for the plaintiff-appellee; the court entered final judgment in her favor, and this appeal followed. We affirm.
Appellants contend that (1) the evidence did not establish the existence of an attractive nuisance, and (2) the court erred in refusing to instruct the jury on general principles of negligence law. We hold that the issue of attractive nuisance was properly submitted to the jury and that there was sufficient evidence for the jury to find chat the appellants maintained an attractive nuisance. Cf. Larnel Builders, Inc. v. Martin, Fla.1959, 110 So.2d 649; Larnel Builders Inc. v. Martin, Fla.App.1958, 105 So.2d 580; 7-Eleven, Inc. v. Mercier, Fla.App.1966, 184 So.2d 523; Ridgewood Groves, Inc. v. Dowell, Fla.App.1966, 189 So.2d 188.
The court did not err in refusing to instruct on general principles of negligence law, such as duty, breach of duty, proximate cause, and contributory negligence because these principles are not applicable where the sole basis of the claimed liability of the defendant is that the defendant maintained an attractive nuisance. See Larnel Builders, Inc. v. Martin, Fla.1959, 110 So.2d 649.
Appellant also urges that the trial judge should have declared a mistrial when the jury, after having retired to consider their verdict, asked a question which revealed that they were concerned with an element of damages not properly allowable. The trial judge clearly and forcefully instructed the jury to disregard this element of damages. It was not error for him in the exercise of his broad discretion to refuse to grant a mistrial. Wirt v. Fraser, 158 Fla. 777, 30 So.2d 174, 176 (1947); Alicot v. Dade County, Fla.App.1961, 132 So.2d 302.
Affirmed.
CHARLES CARROLL, C. J., dissents.