371 So.2d 133 (1979)
Steven Eric LISTER by Lois B. Lister, His Mother and Next Friend As Guardian, Appellant,
v.
James CAMPBELL and the Insurance Company of North America, Appellees.
No. KK-6.
District Court of Appeal of Florida, First District.
February 7, 1979.
*134 James B. Swearingen and Robert H. Wilson, III, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Donald H. Partington, of Clark, Partington, Hart & Hart, Pensacola, for appellees.
ERVIN, Judge.
An appeal from a final summary judgment in an action seeking damages resulting from injuries suffered by Lister caused by an alleged attractive nuisance.
Steven Lister, aged 14 years and 11 months, dove from two posts into an old gravel pit which had filled with water on property owned by Campbell in Escambia County, Florida. His head struck the bottom; his neck was broken and, as a result, he became paralyzed from the waist down. The posts from which appellant dove were approximately two feet from the water. The depth of the water where the accident occurred was nearly, according to Lister, chest high. Lister was on Campbell's property without his permission or knowledge. The complaint alleged that Campbell had negligently and carelessly left the artificial lake unfenced, without any warnings of any kind, in violation of a special act of Escambia County, Chapter 57-1291, Laws of Florida, which declared that any such unfenced depression was a dangerous and attractive nuisance, and provided criminal sanctions for its violation.
The Court entered different grounds supporting its order granting summary judgment in favor of Campbell. One was that the minor plaintiff was a trespasser. It is difficult to determine from this finding whether the court concluded that simply due to Lister's status as a trespasser, the attractive nuisance doctrine did not apply. The general rule is that a property owner owes no duty to a trespasser other than not to wilfully or wantonly injure him. McNulty v. Hurley, 97 So.2d 185 (Fla. 1957); Crutchfield v. Adams, 152 So.2d 808 (Fla. 1st DCA 1963).[1] On the other hand, if the attractive nuisance doctrine applies, it is presumed that the child is a trespasser and his status as such does not excuse the owner from liability. Indeed, the doctrine was created as an exception to the rule as to trespassers. Crutchfield v. Adams, supra. Section 339, Restatement (Second) of Torts (1965), adopted in Florida, e.g., Cockerham v. R.E. Vaughn, Inc., 82 So.2d 890 (Fla. 1955); Ridgewood Groves, Inc. v. Dowell, 189 So.2d 188 (Fla. 2d DCA 1966), subjects the possessor of land to liability for physical harm to trespassing children if all the conditions of the section are satisfied.
We agree, however, with the lower court that there was no genuine issue of material fact that Lister was unaware of the risk involved at the time he dove into the lake. An additional ground for the entry of summary judgment was that the violation of Chapter 57-1291 did not constitute *135 actionable negligence because the "minor plaintiff was not of the class the statute intended to protect, not being a child of tender age, and the violation of statute was not the proximate cause of the injury suffered by the plaintiff; that the minor plaintiff was aware of the danger inherent in diving into the lake." The violation of a statute which imposes upon a person the affirmative duty to take certain action, and provides penalties for the failure to do so is either negligence per se or prima facie evidence of negligence which may be overcome by proof of other circumstances. de Jesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198, 201 (Fla. 1973); Allen v. Rucks, 121 So.2d 167 (Fla. 1st DCA 1960); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966). The violation of a statute, in the ordinary case, would prevent summary judgment and require submission of all the facts to the jury  unless of course the violation could not have been the proximate cause of the injury. Booth v. Mary Carter Paint Co., supra. Stated differently, if there is not a genuine issue of material fact that the alleged negligence arising from the statute's violation can be found to be the proximate or contributing cause of plaintiff's injuries, the case may properly be disposed of by summary judgment.
Section 339 of the Restatement provides:
A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.
In the comment to clause (b) of § 339, the standard of care is stated as follows:
The duty of the possessor, therefore, is only to exercise reasonable care to keep the part of the land upon which he should recognize the likelihood of children's trespassing free from those conditions which, though observable by adults, are likely not to be observed by children, or which contain the risks the full extent of which an adult would realize but which are beyond the imperfect realization of children. It does not extend to those conditions the existence of which is obvious even to children and the risk of which should be fully realized by them. Id. at 202.
The possessor's liability is that of negligence  and the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances. See comment to clause (e) at 206.
It is questionable whether the testimony relating to Campbell's knowledge of trespassers would have been sufficient to withstand a motion for summary judgment as to the requirements set forth in clauses (a) and (b). Campbell testified he was unaware that the lake had been used for swimming by children. Indeed, he did not know whether children had come into the area. He assumed, however, persons had wrongfully trespassed due to the presence of picnic litter and tire tracks near the lake.
We conclude, however, that the requirements of clause (c) were clearly not met. The solution to whether a child "discover[s] the condition or realize[s] the risk involved" depends upon a consideration of several factors  including age, maturity, intelligence and capacity  which consideration *136 is "ordinarily reserved for the jury." Fouraker v. Mullis, 120 So.2d 808, 810 (Fla. 1st DCA 1960) (emphasis supplied). See also Idzie v. Hobbs, 186 So.2d 20 (Fla. 1966). While courts from other jurisdictions have set maximum age limits for the possible application of the rule, the great majority  including Florida  have rejected the concept of a fixed age limit, and have held there is no definite age beyond which the rule does not apply. See comment (c) to Restatement at 199. The comment continues, however, that as the child's age increases, the conditions become fewer in which there can be recovery under the rule. Where the injured child understands or appreciates the peril, and is able to avoid the danger, it is generally held that the doctrine is inapplicable and there can be no recovery since the rule is intended for the protection of children who, because of their immaturity and inexperience, are unable to appreciate and avoid the danger or condition to which they are exposed. Thus "the possessor is not subject to liability to a child who in fact discovers a condition and appreciates the full risk involved, but none the less chooses to encounter it out of recklessness or bravado." Comment to clause (c) at 204.
Often the child's own testimony is the best evidence of whether he possessed sufficient intelligence and knowledge to understand or avoid the danger. In O'Keefe v. South End Rowing Club, 64 Cal.2d 729, 51 Cal. Rptr. 534, 414 P.2d 830 (1966), the California Supreme Court sustained a trial court's judgment of non-suit entered at the end of plaintiff's evidence. There the plaintiff, aged 15 years and 8 months, was injured following a dive into water, which he was aware was generally shallow. The plaintiff testified he knew "`if you dove into shallow water that that was the wrong thing to do.'" The court observed that the plaintiff's knowledge of the diving conditions at the pier was extensive; that he had dived from the same pier some ten or fifteen times over a period of three or four months. On the day of the accident he dived off the pier three or four times. Moreover the plaintiff was aware that the depth of the water was somewhere between five or six feet at that time. His intelligence appeared normal: He was in the second half of his sophomore year in high school, was performing satisfactorily in his studies, and was healthy, normal and active in every way.
The facts in O'Keefe are strikingly similar to those here. The deposition testimony of young Steven and his mother reveals him to be possessed of ordinary intelligence. At the time of the accident, on June 25, 1976, Steven had completed the ninth grade, although he was then making up two subjects in summer school. Steven testified that he had swum in the lake over a period of ten years; that he had dived from the same posts dozens of times before over a period of three years. As a matter of fact, on the very day of the accident, he twice dove from the posts before the occurrence of his injuries. Moreover, he was aware that the water was approximately chest deep. His appreciation of the danger was stated as follows:
Q. I believe you indicated that when you had jumped before, however, you had made an effort to make a shallow dive so you would not hit the bottom, is that true?
A. Yes: but, you know, I imagine it would have been deep enough, you know, to dive, but I didn't want to take no chances, so you do a shallow dive.
Q. So as soon as you hit the water, you would curl up as quickly as you could?
A. Yes.
Q. So that you would not hit the bottom?
A. Yes.
Q. So you were aware that if you didn't make that effort, you were liable to hit the bottom?
A. Yes, I guess.
Q. Well, actually you weren't guessing at all, were you? You knew that, didn't you?
A. Yes.
We conclude from the record that the combination of the various relevant factors: *137 age, intelligence, and knowledge reveals that Steven possessed sufficient ability to understand and appreciate the danger involved. The doctrine of attractive nuisance, therefore, has no applicability to the facts before us and cannot be considered the proximate cause of the minor plaintiff's injuries. As stated by Professor Prosser:
The one basic reason for a rule which distinguishes trespassing children from trespassing adults is the inability of the child to protect himself against the peril which he encounters. If that reason does not exist, it has been generally agreed that the whole policy of the special rule fails with it. The courts have been very firm in their insistence that if the child is in fact fully aware of the condition, understands and appreciates the danger which it carries, and is quite able to avoid it, he stands in no better position than any adult with similar knowledge and understanding. Prosser, Trespassing Children, 47 Cal.L.Rev. 427, 461 (1959).
AFFIRMED.
MILLS, Acting C.J., and BOOTH, J., concur.
NOTES
[1] This rule remains unchanged by later decisions. If, however, a plaintiff can demonstrate he was expressly or impliedly invited onto the premises either as a licensee or invitee, there is no need to resort to the doctrine and the owner's duty is to exercise reasonable care to such persons. Wood v. Camp, 284 So.2d 691 (Fla. 1973). The duty of care by the owner to the uninvited licensee remains the same as that owed to the trespasser: To refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. McNulty v. Hurley, supra.