STONE, Judge.
This is an appeal by the plaintiff from a final judgment following a jury verdict finding the appellant’s child eighty percent (80%) negligent. The child, age 10, was injured in a fall from the roof of a house under construction. The plaintiff alleged that the defendant maintained an “attractive nuisance” and was negligent by permitting a ladder to remain standing against the side of the house. Prior to trial, the defendant conceded negligence, admitting that it owed a duty to the child which was breached. The trial court accordingly narrowed the issues to damages and compara *957 tive negligence which were submitted to the jury.
The appellant argues that the trial court erred in the following: (1) by not giving the attractive nuisance instruction; (2) by not directing a verdict in favor of the plaintiff based on uncontroverted evidence of an attractive nuisance; and (3) by not directing a verdict against the defendant on its defense of comparative negligence on the part of the child. The appellant additionally seeks a new trial for the jury’s failure to award damages to the father on his derivative claim.
Attractive nuisance is not, as contended, a separate cause of action or theory of liability. Rather, it is a doctrine which imposes a duty, on a landowner or occupant, to trespassing children, that would otherwise not exist under circumstances of non-liability to trespassers. It recognizes that trespassing children, unlike adults, may be incapable of perceiving or making reasonable judgments about dangers encountered on the premises. Its purpose is to afford the trespassing child, where the elements of the doctrine are met, the same protection, applying principles of ordinary negligence, that would be afforded an invitee on the premises. Cf. Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla.1970); Crutchfield v. Adams, 152 So.2d 808 (Fla. 1st DCA), cert. denied, 155 So.2d 693 (Fla.1963); W. Keeton, The Law of Torts, §§ 59, 66 (5th ed.1984). See also Lister v. Campbell, 371 So.2d 133 (Fla. 1st DCA), cert. denied, 378 So.2d 346 (Fla.1979); Restatement (Second) of Torts § 339 (1986).
We conclude that the attractive nuisance doctrine is not applicable where the defendant admits there is a duty and admits negligence because the status of the child on the premises is no longer a relevant issue. Under such circumstances, there is no reason to instruct the jury on principles of law that are not applicable to an invitee.
Where, as here, the doctrine of attractive nuisance is inapplicable, princi-pies of ordinary negligence, including comparative negligence apply. Cf. Green Springs, Inc. v. Calvera. To the extent that Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA), cert. denied, 219 So.2d 700 (Fla.1968) may indicate otherwise, we acknowledge conflict. We note that the jury, here, was instructed under Florida Standard Jury Instructions 4.4, on the standard of negligence applicable to a child.[1]
Therefore, we affirm except as to the issue of the father’s derivative claim, which we remand for a new trial limited to the issue of the father’s claim for damages. The jury awarded damages for the minor’s personal injury but awarded nothing to the father. We believe there is uncontradicted evidence of damages on the father’s claim and he is entitled to a new trial on damages. Gonzalez v. Westinghouse Electric Corporation, 463 So.2d 1229 (Fla. 4th DCA 1985).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HERSEY, C.J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.

. Reasonable care on the part of a child is that degree of care which a reasonably careful child of the same age, mental capacity, intelligence, training, and experience would use under like circumstances.