ANSTEAD, Judge,
concurring in part and dissenting in part.
I concur with the majority’s reversal for a new trial on the father’s claim. However, I would also reverse for a new trial on the minor’s claim because of the trial court’s failure to charge the jury on the doctrine of attractive nuisance, the theory of liability that the appellants pleaded and attempted to prove against the appellee.
This is an attractive nuisance case involving a child’s injury at a construction site in his neighborhood. At trial the appellee admitted that it was negligent in not better protecting the site from people such as the child here. The appellee admitted that it usually fences construction sites but had not done so here. However, the appellee would not admit liability, and instead claimed that the child was negligent in going on the site in the face of the obvious *958 dangers therein. In the face of this admission of “negligence” the trial court refused to instruct on attractive nuisance and instead gave the standard negligence and comparative negligence instructions. The jury returned a verdict for the child but found him 80% comparatively negligent. I believe it was error for the court to refuse to give the attractive nuisance charges.
General negligence charges are not applicable to an attractive nuisance claim. Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA), cert. denied, 219 So.2d 700 (Fla.1968). So long as attractive nuisance is part of the law of Florida, plaintiffs are entitled to utilize it and courts are required to define it to juries. While the negligence of a child is considered under the doctrine, it is presented in an entirely different way than the negligence in a comparative negligence case. For one thing, attractive nuisance is an all or nothing situation. If a jury decides the defendant did maintain an attractive nuisance and that the child did not sufficiently appreciate the danger, then the child is entitled to all of his damages. Similarly the child is not entitled to any recovery if he is found by the jury to have known and appreciated the risk. No separate defense of comparative negligence is available to a defendant in an attractive nuisance case.