566 So.2d 761 (1990)
Phillip MARTINELLO, Etc., Petitioner,
v.
B & P USA, INC., Etc., Respondent.
No. 74496.
Supreme Court of Florida.
June 7, 1990.
Rehearing Denied September 28, 1990.
Alex T. Barak, North Miami Beach, for petitioner.
Angela C. Flowers of Daniels and Hicks, P.A., and Anderson, Moss, Parks & Russo, P.A., Miami, for respondent.

REVISED OPINION
OVERTON, Justice.
We have for review Martinello v. B & P USA, Inc., 545 So.2d 956 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal affirmed the trial court's holding that Martinello was not entitled to try this cause under the attractive nuisance doctrine when B & P USA, Inc., the defendant below, admitted that it owed a duty to a child as an invitee and that it had breached that duty. Consequently, the court held that the jury properly considered comparative negligence. In its decision, the court acknowledged conflict with the Third District Court of Appeal's decision in Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA), cert. denied, 219 So.2d 700 (Fla. 1968). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. We quash the district court's decision, finding that the plaintiff was entitled to choose which theory should be applied under these circumstances.
A review of the record indicates that Christian Martinello, a ten-year-old boy, and his friend entered a construction site consisting of three partially finished homes. The boys placed ladders against two of the houses, enabling them to climb to the roof of each one. The boys then proceeded to the third house, climbed up a ladder which was already leaning against the side of the house, and sat down on the edge of the roof. After Christian's friend jumped down, Christian, in an attempt to stand up, slipped and fell off the roof, injuring his hands. Phillip Martinello, Christian's father, filed a complaint against B & P USA, Inc., on behalf of his son and himself. At pretrial conference, the parties stipulated to the following facts:
It is claimed that on February 17, 1985 that the Defendant was negligent, pursuant to the "attractive nuisance" doctrine, in the maintenance of the construction site at this house in that there was a ladder which was allowed to remain at the side of the house, thereby enticing minors to climb up to the roof of said house. It is further claimed that on that date the minor Plaintiff climbed up to the *762 top of the roof of said house and fell off the roof of said house, sustaining permanent injuries to his hands... . The Defendant has denied negligence and has affirmatively claimed that the minor Plaintiff was the sole cause of his injuries and damage... .
At the commencement of the trial, B & P USA admitted negligence, specifically, that it owed the child a duty, which it breached, and asserted that by this admission the child should be considered an invitee. Therefore, B & P USA contended that this was a general negligence case, that the doctrine of comparative negligence applied, and that the attractive nuisance doctrine was inapplicable. Martinello objected and requested that the jury be instructed on the theory of attractive nuisance. The trial judge denied the request and instructed the jury on general negligence principles.[1] The jury determined that the boy was eighty percent negligent and that he had suffered $10,000 in damages, entitling him to $2,000.[2] Further, the jury determined that the father was not entitled to any damages on his own claim. On appeal, the district court found that the doctrine of attractive nuisance was not applicable, stating:
Attractive nuisance is not, as contended, a separate cause of action or theory of liability. Rather, it is a doctrine which imposes a duty, on a landowner or occupant, to trespassing children, that would otherwise not exist under circumstances of non-liability to trespassers. It recognizes that trespassing children, unlike adults, may be incapable of perceiving or making reasonable judgments about dangers encountered on the premises. Its purpose is to afford the trespassing child, where the elements of the doctrine are met, the same protection, applying principles of ordinary negligence, that would be afforded an invitee on the premises.

We conclude that the attractive nuisance doctrine is not applicable where the defendant admits there is a duty and admits negligence because the status of the child on the premises is no longer a relevant issue. Under such circumstances, there is no reason to instruct the jury on principles of law that are not applicable to an invitee.
Where, as here, the doctrine of attractive nuisance is inapplicable, principles of ordinary negligence, including comparative negligence apply.
545 So.2d at 957 (citations omitted, emphasis added.)[3]
*763 Martinello contends that he was entitled to present his case to the jury on the attractive nuisance theory. Relying on Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA), cert. denied, 219 So.2d 700 (Fla. 1968), Martinello argues that a new trial is necessary since the trial court erred in allowing B & P USA, by its admissions, to have the case tried under general negligence principles. In Dukes, the Third District Court of Appeal held:
The [trial] court did not err in refusing to instruct on general principles of negligence law, such as duty, breach of duty, proximate cause, and contributory negligence because these principles are not applicable where the sole basis of the claimed liability of the defendant is that the defendant maintained an attractive nuisance.
Id. at 576. On the other hand, B & P USA argues that the trial and district courts properly used general principles of negligence in view of its admissions. To resolve this issue, it is necessary to distinguish the attractive nuisance doctrine from negligence to a child invitee.
At common law, trespassers had "no right to demand that [a landowner] provide them with a safe place to trespass, or that he protect them in their wrongful use of his property." Prosser and Keeton on the Law of Torts § 58 (5th ed. 1984). As a result, the owner was "not liable for injury to trespassers caused by his failure to exercise reasonable care to put his land in a safe condition for them." Id. In Florida, trespassers generally have few remedies for injuries received on another's land: "The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation." Wood v. Camp, 284 So.2d 691, 693-94 (Fla. 1973) (footnote omitted). The attractive nuisance doctrine is an exception to this general rule. This doctrine, established to preserve the safety of children and also to protect the rights of property owners, permits trespassing children to recover against landowners in certain instances. Section 339 of the Restatement (Second) of Torts (1965), sets forth the basic elements of the attractive nuisance doctrine:
A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.
(Emphasis added.) This Court has approved these principles and also required that the property owner entice the child upon the dangerous premises. See Concrete Constr., Inc. v. Petterson, 216 So.2d 221 (Fla. 1968), reaffirmed in Johnson v. Bathey, 376 So.2d 848 (Fla. 1979). Subsection (c) is important because, if the jury believes the child does realize the risk of intermeddling with the dangerous condition, then the attractive nuisance doctrine is inapplicable, the child is considered an ordinary trespasser, and the child is not entitled to any recovery under ordinary negligence principles. Our standard jury instructions set forth these principles.[4] *764 The commentary after Florida Standard Jury Instruction (Civil) 3.2d notes that it is derived from the Restatement and states: "Since plaintiff must, in effect, negate contributory negligence in order to prevail on this doctrine, contributory negligence is not a defense. Larnel Builders, Inc. v. Martin, 110 So.2d 649 (Fla. 1959)." As noted, the plaintiff, under the attractive nuisance doctrine, has the burden to show that the child did not discover the condition or realize the risk.
The principles are clearly different when a child is an invitee. If the contractor had invited Mr. Martinello to see the houses and Christian had accompanied him, then the contractor would have had a duty to Christian and his father, as invitees, to maintain the premises in a reasonably safe condition. Had Christian injured himself under such circumstances, general negligence principles would apply and, if liability were established, the jury would be instructed to apply comparative negligence. The instructions given to the jury in the instant case would have been appropriate under these facts.
In the instant case, Martinello sought to have the claim tried under the attractive nuisance doctrine, recognizing that it was an all-or-nothing claim. He desired not to have the jury treat Christian as an invitee where a partial recovery was possible through comparative negligence. In this case, the trial court and the Fourth District Court of Appeal permitted the defendant, rather than the plaintiff, to choose the theory under which this case was to be tried. We find that the plaintiff must be allowed that choice in these circumstances.
Accordingly, we find that Martinello is entitled to a new trial. With respect to Christian, the new trial will be limited to a determination of liability since on appeal his damages in the amount of $10,000 were not challenged as being contrary to the evidence. See Purvis v. Inter-County Tel. & Tel. Co., 173 So.2d 679 (Fla. 1965). The theory of negligence upon which a case is tried, whether it be attractive nuisance or negligence to a child invitee, does not change the amount of damages awarded for the same injury. However, if the jury finds B & P USA liable, then Phillip Martinello is entitled to have the jury consider his derivative claim for damages in accordance with the district court's decision.
For the reasons expressed, we approve the Third District Court of Appeal's decision in Dukes, quash the Fourth District Court of Appeal's decision in the instant case, and direct that this cause be remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
*765 McDONALD, Justice, dissenting.
I dissent. Now that Florida has abandoned contributory negligence and has adopted comparative negligence, the comparative negligence rule should apply to attractive nuisance cases as well as simple negligence cases. After Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), there is no legitimate place in Florida law for application of contributory negligence under the attractive nuisance doctrine. It surely would be a perversion of the comparative negligence rule to hold that it applies to everyone in the state of Florida except trespassing children.
If comparative negligence is incorporated into attractive nuisance, as it must be, then the proper result was reached in this case. Thus, even if we should find that the jury should have been given some form of the attractive nuisance charge, judgment should have been entered on the jury's verdict.
I further disagree that it was error to fail to instruct on attractive nuisance. Florida's standard jury instructions call for the attractive nuisance instruction to be given when status or duty is in issue. If the attractive nuisance doctrine is not needed to support a duty of care, the case should proceed under ordinary principles of negligence. Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla. 1970); Lister v. Campbell, 371 So.2d 133 (Fla. 1st DCA), cert. denied, 378 So.2d 346 (Fla. 1979); Crutchfield v. Adams, 152 So.2d 808 (Fla. 1st DCA), cert. denied, 155 So.2d 693 (Fla. 1963). Status was not an issue in the underlying action, nor was duty.
NOTES
[1] In this regard, the jury was instructed as follows:

The court has determined and now instructs you as a matter of law that the defendants have admitted their negligence and I, therefore, charge you that defendant B & P USA, Incorporated, is guilty of negligence.
On the defense, the issue for your determination is whether Christian Martinello and Phillip Martinello were negligent and if so, whether such negligence was a contributing legal cause of the injury or damage complained of.
If the greater weight of the evidence does not support the defense of the defendants and the greater weight of the evidence does support the claim of Christian Martinello and Phillip Martinello, then your verdict should be for Christian Martinello and Phillip Martinello in the total amount of their damages.
If, however, the greater weight of the evidence shows that Christian Martinello and/or Phillip Martinello and the defendants were negligent and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by Christian Martinello and/or Phillip Martinello, you should determine what percentage of the total negligence of both parties to this action is chargeable to each.
... .
Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
Negligence of a child. Reasonable care on the part of a child is that degree of care which a reasonably careful child of the same age, mental capacity, intelligence, training and experience would use under like circumstances.
Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing the loss, injury or damage so that it can be reasonably said that but for the negligence, the loss, injury or damage would not have occurred.
[2] $10,000 - (.80 X 10,000) = $2,000.
[3] The district court reversed the trial court's finding that the father was not entitled to any damages and remanded the cause for a new trial on the issue of damages.
[4] The relevant standard jury instructions under the circumstances of this case would be as follows:

The first issue for your determination on the claim of Martinello against B & P USA, Inc., is whether the houses under construction were located at a place on the land or premises in question where defendant knew or had reason to know children were likely to be as trespassers; whether the houses under construction involved an unreasonable risk of death or serious harm to the children who, because of their age, were not likely to discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it; whether defendant knew or had reason to know of the risk to such children; and whether Christian Martinello, because of his age, did not discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it.
Fla.Std. Jury Instr. (Civ.) 3.2d.
If the greater weight of the evidence does not support the claim of Martinello on these issues, then your verdict on the claim of Martinello should be for defendant.
Fla.Std.Jury Instr. (Civ.) 3.4.
If, however, the greater weight of the evidence does support the claim of Martinello on these issues, then you shall consider the other issues on the claim of Martinello, which are: whether defendant was negligent in maintaining or in failing to protect Christian Martinello from the houses under construction on the land or premises in question; and, if so, whether such negligence was a legal cause of injury sustained by Christian Martinello.
Fla.Std.Jury Instr. (Civ.) 3.5 and 3.5h.